# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **WILLIE LEE KING,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:15CV00481 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WILLIAM C. MEYER, II,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Willie Lee King, Pro Se Plaintiff.*

Plaintiff Willie Lee King, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, suing his criminal defense attorney for failing to appeal his conviction. King has applied to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(b), which I will grant to the extent that I will not require him to prepay the filing fee for this action. Upon review of his allegations, however, I find that this lawsuit must be summarily dismissed without prejudice as legally frivolous.

King states that he was convicted of unspecified criminal offenses and sentenced in the Pittsylvania County Circuit Court on June 17, 2015. He alleges that a notice of appeal was not timely filed by his attorney and that the

Commonwealth's witnesses erroneously identified the date of King's offense. As relief in this action, King seeks monetary damages.[1] (Compl. 2, ECF No. 1.)

When the plaintiff is proceeding in forma pauperis, the court must dismiss an action or claim if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

To state a claim under § 1983, the plaintiff must state facts showing that a person acting under color of state law undertook conduct that violated the plaintiff's constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Criminal defense lawyers, even those appointed by a state court to represent indigent defendants, do not act under color of state law for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981). Because the

---

[1] King also seeks reconsideration of his sentence. Claims that implicate the fact or length of an inmate's term of confinement are not actionable in a § 1983 action. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475 (1973). If King wishes to pursue an appeal from his conviction and/or sentence based on his attorney's alleged deficiencies, the appropriate remedy is a petition for a writ of habeas corpus. Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition regarding a state court judgment unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). State court records available online indicate that King has not pursued habeas corpus relief related to his 2015 conviction in either the circuit court or the Supreme Court of Virginia. Because he has remedies available to him in the state courts, his claims are not exhausted as required under § 2254(b). Therefore, I decline to construe his current submission as a § 2254 habeas petition.

defendant's alleged professional deficiencies occurred while he was acting as King's defense attorney, those actions were not taken under color of state law as required to provide basis for suit under § 1983. *Id.* Therefore, I will summarily dismiss this lawsuit under § 1915A(b)(1) as legally frivolous.

A separate Final Order will be entered herewith.

DATED: October 19, 2015

/s/ James P. Jones
United States District Judge